UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**LUCY M WEINRICH**,

Debtor.

Case No. **10-62170-7**

## MEMORANDUM of DECISION

At Butte in said District this 4th day of May, 2016.

In this Chapter 7 bankruptcy, after due notice, the Court held a hearing on May 3, 2016, in Butte on the Trustee's Motion to Approve Settlement filed March 3, 2016, together with Debtor's objection thereto. The Chapter 7 Trustee, Joseph V. Womack of Billings, Montana, was present for the hearing, as was Debtor Lucy Weinrich, who appeared pro se. The Court heard statements from the Trustee and Debtor, and the Trustee's Exhibits A and B were admitted into evidence.

FACTS

Debtor commenced her case under Chapter 13 of the Bankruptcy Code on September 7, 2010. Debtor was represented at that time by attorney Daniel Morgan of Missoula, Montana. Debtor, through counsel, filed a notice of her voluntary conversion of this case to Chapter 7 of the Bankruptcy Code on December 16, 2010. Debtor received a discharge of her debts on March 28, 2011, and this case was closed on March 31, 2011. On March 2, 2012, the Trustee filed a motion to reopen Debtor's bankruptcy case to pursue a medical malpractice claim against the University of Utah Health Sciences Center, which claim was not disclosed in Debtor's schedules.

1

The Trustee stated that early on, he believed Debtor's medical malpractice claim had substantial value.

Debtor has not amended her schedules to list the medical malpractice claim as an asset or to claim an exemption therein. However, the Trustee and Debtor entered into a "Stipulation Regarding Medical Malpractice Claim," which Stipulation was filed on March 11, 2013, and was approved without objection on April 2, 2013. The Stipulation, which is signed by the Trustee, Debtor, and Debtor's counsel, provides in part:

> 2. Debtor has an agreement with Clark Newhall, MD, JD, who has filed a Complaint in the West Jordan District Court of the Third Judicial District, Salt Lake County, State of Utah. Debtor agrees the Trustee may employ Clark Newhall as attorney for the estate to pursue the claim and waive any conflict of interest that might exist because of such representation and employment. Debtor understands and agrees Clark Newhall will represent the Trustee and Trustee shall have final decision making authority with regard to any settlement or litigation, subject to final Bankruptcy Court approval, or the decision to try or appeal the claim.
>
> 3. The Estate shall be responsible for paying all attorney fees and costs owed Clark Newhall, subject to Bankruptcy Court approval, from the gross recovery on the claim, and all such fees and costs shall be treated as an administrative expense of the estate.
>
> 3. Debtor may claim that a portion of the claim is exempt. The Trustee disputes Debtor's right to any such exemption and further contends that any recovery is not exempt and property of the estate. In order to avoid future conflicts and uncertainties regarding the parties competing claims and in order for the Debtor to remain engaged and motivated in the litigation, the parties agree to compromise and settle their differences regarding the Debtor's claim of exemption with the Debtor to receive a portion of any settlement proceeds or judgment awarded, after payment of attorney fees and costs and any Medicare and/or Medicaid liens which may be required to be paid. Debtor agrees to accept fifty percent (50%) of the net recovery with the Bankruptcy Estate to receive fifty percent (50%) of the net recovery. Debtors [sic] shall be responsible for payment of any taxes that may be owed on her share of the recovery.

Consistent with paragraph 2 of the approved Stipulation, the Trustee filed an application

2

seeking to employ Clark Newhall, which application the Court approved. Newhall retained a neurosurgeon as an expert and engaged in discovery. Newhall and the neurosurgeon, after evaluating Debtor's case, agreed that Debtor's case did not have much value because Debtor's substantial injuries were not caused by the negligence of the University of Utah Health Sciences Center.

On August 17, 2015, the Trustee filed a notice of Newhall's termination. In that notice, the Trustee explained, in part:

> Since Professional's employment commenced, Professional has represented the claims of the bankruptcy estate with respect to a medical malpractice claim. Professional has attempted to settle the case with the insurance company representing the defendant; however, Debtor's spouse would not agree to settle the case and the settlement was abandoned. Professional has withdrawn as counsel for the bankruptcy estate[.]

Newhall also agreed to waive his costs, which were about $40,000.00. Concurrently with the above notice, the Trustee also filed an application to employ Charles A. Gruber to pursue the medical malpractice claim on behalf of Debtor and the Estate. That application was approved.

The Trustee thereafter filed the pending Motion to Approve Settlement, seeking to settle Debtor's medical malpractice claim for $35,000.00. Gruber will receive one-third of the settlement for his contingency fee, and after payment of Gruber's fee and pursuant to the approved stipulation between Debtor and the Trustee, Debtor and the Estate will each receive one-half of the remaining settlement proceeds. Debtor opposes the settlement and contacted two additional attorneys regarding her medical malpractice claim; Dave Lambert and George Tait. Attorney Dave Lambert did not review Debtor's records. Attorney George Tait reviewed Debtor's records, including the expert deposition testimony, and decided against taking Debtor's

3

case, estimating that Debtor's case had a forty percent chance of success and a sixty percent chance of failure.

Based upon an evaluation of Debtor's case by three attorneys, and given the waiver of $40,000 in costs by Newhall, the Trustee concluded that the proposed settlement is fair, reasonable and in the best interests of the Estate. According to the Trustee, the University of Utah Health Sciences Center is agreeing to settle this matter "to buy its peace." The Trustee believes if the settlement is not approved, Gruber will seek to withdraw as he does not believe Debtor's case has merit and that the creditors in this case will likely receive nothing.

Debtor did not specifically dispute any of the foregoing, but believes she was discriminated against because she was not informed of her legal rights. When Debtor was first approached by Newhall about settlement, Debtor was focused on her husband, and was tired and in a lot of pain. Debtor stated she was kept in the dark and coerced into signing documents by Newhall and the Trustee and that she was not given a fair chance to plead her case. Debtor also contends that Newhall mismanaged her case and did not provide skillful and competent representation, resulting in financial loss to Debtor. Debtor concedes that she searched for a new attorney to take her case, eventually contacting Dave Lambert and George Tait, but in Debtor's words, "that didn't work out."

APPLICABLE LAW and DISCUSSION

As a threshold matter, Debtor's cause of action against the University of Utah Health Sciences Center could have been initiated by Debtor prior to her petition date, but was not commenced until after her bankruptcy was closed on March 31, 2011. Because her cause of action accrued prepetition, it is rightfully property of the bankruptcy estate. *See Boland v. Crum*

4

*(In re Brown)*, 363 B.R. 591, 608-09 (Bankr. D.Mont. 2007) (A claim is "sufficiently rooted" if the "wrongdoing and redressable harm occurred before or at the time of filing, even though other damage was alleged to have occurred postpetition.")

In deciding whether to approve the Trustee's settlement with the University of Utah Health Sciences Center, the Court considers the factors articulated in *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986):

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

As explained in *A & C Properties*:

> The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims. The law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.

*Id*. at 1380-81 (citations omitted).

The Court is not unsympathetic to Debtor's position. Debtor is clearly frustrated, and believes that Newhall mismanaged her malpractice claim. However, Newhall engaged in discovery and retained a neurosurgeon to provide expert advice. Regardless of Newhall's shortcomings, he was replaced by Gruber. Both Gruber and George Tait have independently evaluated Debtor's case and they both believe that Debtor's case has a low probability of success. Debtor offers nothing to the contrary.

While collection and the complexity of the litigation are not issues in this case, somebody

will have to fund the expense of proceeding forward with litigation. The Trustee does not appear to have an interest or the financial wherewithal to fund a case that has only a low probability of success. As the Trustee stated, he believes approval of the settlement is the only chance for Debtor and the creditors of the Estate to receive a single cent from the medical malpractice claim. Consequently, having considered all relevant factors, the Court finds that the Trustee's agreement with the University of Utah Health Sciences Center is "fair and equitable" as required by *In re A&C Properties*.

In accordance with the foregoing, the Court will enter a separate order providing as follows:

IT IS ORDERED that Debtor's objections to the Trustee's Motion to Approve Settlement are overruled; the Trustee's Motion to Approve Settlement filed March 3, 2016, at docket no. 55 is granted; the January 11, 2016 Settlement Agreement between the Trustee, the State of Utah, University of Health Sciences Center and the University of Utah Hospitals and Clinics is approved; and the Trustee, the State of Utah, University of Health Sciences Center and the University of Utah Hospitals and Clinics shall henceforth be bound by and shall perform according to the terms and conditions of the approved Settlement Agreement.

          BY THE COURT

          */s/ Ralph B. Kirscher*
          HON. RALPH B. KIRSCHER
          U.S. Bankruptcy Judge
          United States Bankruptcy Court
          District of Montana